# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------X

SANDRA ANYATA,

                              Plaintiff,

        –against–

JOEL BUMOL, SCOTT MELVIN, RAVI KAPADIA,
CLARA CHEUNG, STEVEN ABRAMS,
SADIE JOHNSON, JOHN FUTCHKO,
RAQUEL PERALTA, MUHAMMAD KASHIF,
HILLARY YAFFE, OKTAY RIFKY,
JUAN ESCARFULLER, ALEXANDRA ARGIROFF,
LEWIS EISEN, MICHAEL JURELLER,
DIEGO CAMACHO, JESSICA PASTORIZA,
ANASTASIA MELETIES, LINDA REAL, PARDELLA
SCOTT, NANETTE HAZELEY, CAROLYN BOSTICK,
MONTEFIORE HEALTH SYSTEM, INC.,
and MONTEFIORE MEDICAL CENTER,

                           Defendants.

-------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT
AND CERTIFICATE OF
MERIT**

       Plaintiff, above named, complaining of the Defendants herein, through her attorneys,

Meagher & Meagher, P.C., upon information and belief, allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

**FIRST:**                        At all times hereinafter mentioned, Plaintiff,

SANDRA ANYATA, was and is a resident of the County of Bronx at 2362 Webster

Avenue, Apartment 4C, Bronx, New York 10458.

**SECOND:**                   At all times hereinafter mentioned, the Defendant,

JOEL BUMOL (hereinafter referred to as, "BUMOL"), was a physician licensed to

practice medicine and practicing medicine in the State of New York.

**THIRD:**                    At all times hereinafter mentioned, the Defendant, SCOTT MELVIN (hereinafter referred to as, "MELVIN"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**FOURTH:**                    At all times hereinafter mentioned, the Defendant, RAVI KAPADIA (hereinafter referred to as, "KAPADIA"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**FIFTH:**                    At all times hereinafter mentioned, the Defendant, CLARA CHEUNG (hereinafter referred to as, "CHEUNG"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**SIXTH:**                    At all times hereinafter mentioned, the Defendant, STEVEN ABRAMS (hereinafter referred to as, "ABRAMS"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**SEVENTH:**                    At all times hereinafter mentioned, the Defendant, SADIE JOHNSON (hereinafter referred to as, "JOHNSON"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**EIGHTH:**                    At all times hereinafter mentioned, the Defendant, JOHN FUTCHKO (hereinafter referred to as, "FUTCHKO"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**NINTH:**                    At all times hereinafter mentioned, the Defendant, RAQUEL PERALTA (hereinafter referred to as, "PERALTA"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**TENTH:** At all times hereinafter mentioned, the Defendant, MUHAMMAD KASHIF (hereinafter referred to as, "KASHIF"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**ELEVENTH:** At all times hereinafter mentioned, the Defendant, HILLARY YAFFE (hereinafter referred to as, "YAFFE"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**TWELFTH:** At all times hereinafter mentioned, the Defendant, OKTAY RIFKY (hereinafter referred to as, "RIFKY"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**THIRTEENTH:** At all times hereinafter mentioned, the Defendant, JUAN ESCARFULLER (hereinafter referred to as, "ESCARFULLER"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**FOURTEENTH:** At all times hereinafter mentioned, the Defendant, ALEXANDRA ARGIROFF (hereinafter referred to as, "ARGIROFF"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**FIFTEENTH:** At all times hereinafter mentioned, the Defendant, LEWIS EISEN (hereinafter referred to as, "EISEN"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**SIXTEENTH:** At all times hereinafter mentioned, the Defendant, MICHAEL JURELLER (hereinafter referred to as, "JURELLER"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**SEVENTEENTH:**  At all times hereinafter mentioned, the Defendant, DIEGO CAMACHO (hereinafter referred to as, "CAMACHO"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**EIGHTEENTH:**  At all times hereinafter mentioned, the Defendant, JESSICA PASTORIZA (hereinafter referred to as, "PASTORIZA"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**NINETEENTH:**  At all times hereinafter mentioned, the Defendant, ANASTASIA MELETIES (hereinafter referred to as, "MELETIES"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

**TWENTIETH:**  At all times hereinafter mentioned, the Defendant, LINDA REAL (hereinafter referred to as, "REAL"), was a registered nurse licensed to practice medicine and practicing medicine in the State of New York.

**TWENTY-FIRST:**  At all times hereinafter mentioned, the Defendant, PARDELLA SCOTT, (hereinafter referred to as, "SCOTT"), was a nurse practitioner licensed to practice medicine and practicing medicine in the State of New York.

**TWENTY-SECOND:**  At all times hereinafter mentioned, the Defendant, NANETTE HAZELEY, (hereinafter referred to as, "HAZELEY"), was a registered nurse licensed to practice medicine and practicing medicine in the State of New York.

**TWENTY-THIRD:**  At all times hereinafter mentioned, the Defendant, CAROLYN BOSTICK, (hereinafter referred to as, "BOSTICK"), was a registered nurse licensed to practice medicine and practicing medicine in the State of New York.

**TWENTY-FOURTH:**  At all times hereinafter mentioned, the Defendant, MONTEFIORE HEALTH SYSTEM, INC. (hereinafter referred to as, "HEALTH

SYSTEM"), was a domestic professional corporation, duly organized and existing under

and by virtue of the laws of the State of New York.

**TWENTY-FIFTH:** At all times hereinafter mentioned, the Defendant,

HEALTH SYSTEM, was a general partnership, duly organized and existing under and by

virtue of the laws of the State of New York.

**TWENTY-SIXTH:** At all times hereinafter mentioned, the Defendant,

HEALTH SYSTEM, was a limited liability corporation, duly organized and existing

under and by virtue of the laws of the State of New York.

**TWENTY-SEVENTH:** At all times hereinafter mentioned, the Defendant,

HEALTH SYSTEM, was a professional limited liability corporation, duly organized and

existing under and by virtue of the laws of the State of New York.

**TWENTY-EIGHTH:** At all times hereinafter mentioned, the Defendant,

HEALTH SYSTEM, was a domestic business corporation, duly organized and existing

under and by virtue of the laws of the State of New York.

**TWENTY-NINTH:** At all times hereinafter mentioned, the Defendant,

HEALTH SYSTEM, was a domestic not-for-profit corporation, duly organized and

existing under and by virtue of the laws of the State of New York.

**THIRTIETH:** At all times hereinafter mentioned, the Defendant,

HEALTH SYSTEM, was a foreign corporation authorized to conduct business and

conducting business in the State of New York

**THIRTY-FIRST:** At all times hereinafter mentioned, the Defendant,

HEALTH SYSTEM, was a business entity authorized to conduct business and

conducting business in the State of New York.

**THIRTY-SECOND:**    At all times hereinafter mentioned, the Defendant, MONTEFIORE MEDICAL CENTER, (hereinafter referred to as, "MEDICAL CENTER"), was a general hospital, duly organized and existing under and by virtue of the laws of the State of New York.

**THIRTY-THIRD:**    At all times hereinafter mentioned, the Defendant, MEDICAL CENTER, was a voluntary hospital existing under and by virtue of the laws of the State of New York.

**THIRTY-FOURTH:**    At all times hereinafter mentioned, the Defendant, MEDICAL CENTER, was a domestic not-for-profit corporation, under and by virtue of the laws of the State of New York.

**THIRTY-FIFTH:**    At all times hereinafter mentioned, the Defendant, BUMOL, was an employee of the Defendant, HEALTH SYSTEM.

**THIRTY-SIXTH:**    At all times hereinafter mentioned, the Defendant, BUMOL, was acting within the scope of his employment as an employee of the Defendant, HEALTH SYSTEM.

**THIRTY-SEVENTH:**    At all times hereinafter mentioned, the Defendant, BUMOL, was an employee of the Defendant, MEDICAL CENTER.

**THIRTY-EIGHTH:**    At all times hereinafter mentioned, the Defendant, BUMOL, was acting within the scope of his employment as an employee of the Defendant, MEDICAL CENTER.

**THIRTY-NINTH:**    At all times hereinafter mentioned, the Defendant, MELVIN, was an employee of the Defendant, HEALTH SYSTEM.

**FORTIETH:**     At all times hereinafter mentioned, the Defendant, MELVIN, was acting within the scope of his employment as an employee of the Defendant, HEALTH SYSTEM.

**FORTY-FIRST:**    At all times hereinafter mentioned, the Defendant, MELVIN, was an employee of the Defendant, MEDICAL CENTER.

**FORTY-SECOND:**   At all times hereinafter mentioned, the Defendant, MELVIN, was acting within the scope of his employment as an employee of the Defendant, MEDICAL CENTER.

**FORTY-THIRD:**    At all times hereinafter mentioned, the Defendant, KAPADIA, was an employee of the Defendant, HEALTH SYSTEM.

**FORTY-FOURTH:**   At all times hereinafter mentioned, the Defendant, KAPADIA, was acting within the scope of his employment as an employee of the Defendant, HEALTH SYSTEM.

**FORTY-FIFTH:**    At all times hereinafter mentioned, the Defendant, KAPADIA, was an employee of the Defendant, MEDICAL CENTER.

**FORTY-SIXTH:**    At all times hereinafter mentioned, the Defendant, KAPADIA, was acting within the scope of his employment as an employee of the Defendant, MEDICAL CENTER.

**FORTY-SEVENTH:**   At all times hereinafter mentioned, the Defendant, CHEUNG, was an employee of the Defendant, HEALTH SYSTEM.

**FORTY-EIGHTH:**   At all times hereinafter mentioned, the Defendant, CHEUNG, was acting within the scope of her employment as an employee of the Defendant, HEALTH SYSTEM.

**FORTY-NINTH:** At all times hereinafter mentioned, the Defendant, CHEUNG, was an employee of the Defendant, MEDICAL CENTER.

**FIFTIETH:** At all times hereinafter mentioned, the Defendant, CHEUNG, was acting within the scope of her employment as an employee of the Defendant, MEDICAL CENTER.

**FIFTY-FIRST:** At all times hereinafter mentioned, the Defendant, ABRAMS, was an employee of the Defendant, HEALTH SYSTEM.

**FIFTY-SECOND:** At all times hereinafter mentioned, the Defendant, ABRAMS, was acting within the scope of his employment as an employee of the Defendant, HEALTH SYSTEM.

**FIFTY-THIRD:** At all times hereinafter mentioned, the Defendant, ABRAMS, was an employee of the Defendant, MEDICAL CENTER.

**FIFTY-FOURTH:** At all times hereinafter mentioned, the Defendant, ABRAMS, was acting within the scope of his employment as an employee of the Defendant, MEDICAL CENTER.

**FIFTY-FIFTH:** At all times hereinafter mentioned, the Defendant, JOHNSON, was an employee of the Defendant, HEALTH SYSTEM.

**FIFTY-SIXTH:** At all times hereinafter mentioned, the Defendant, JOHNSON, was acting within the scope of her employment as an employee of the Defendant, HEALTH SYSTEM.

**FIFTY-SEVENTH:** At all times hereinafter mentioned, the Defendant, JOHNSON, was an employee of the Defendant, MEDICAL CENTER.

**FIFTY-EIGHTH:**          At all times hereinafter mentioned, the Defendant, JOHNSON, was acting within the scope of her employment as an employee of the Defendant, MEDICAL CENTER.

**FIFTY-NINTH:**          At all times hereinafter mentioned, the Defendant, FUTCHKO, was an employee of the Defendant, HEALTH SYSTEM.

**SIXTIETH:**          At all times hereinafter mentioned, the Defendant, FUTCHKO, was acting within the scope of his employment as an employee of the Defendant, HEALTH SYSTEM.

**SIXTY-FIRST:**          At all times hereinafter mentioned, the Defendant, FUTCHKO, was an employee of the Defendant, MEDICAL CENTER.

**SIXTY-SECOND:**          At all times hereinafter mentioned, the Defendant, FUTCHKO, was acting within the scope of his employment as an employee of the Defendant, MEDICAL CENTER.

**SIXTY-THIRD:**          At all times hereinafter mentioned, the Defendant, PERALTA, was an employee of the Defendant, HEALTH SYSTEM.

**SIXTY-FOURTH:**          At all times hereinafter mentioned, the Defendant, PERALTA, was acting within the scope of her employment as an employee of the Defendant, HEALTH SYSTEM.

**SIXTY-FIFTH:**          At all times hereinafter mentioned, the Defendant, PERALTA, was an employee of the Defendant, MEDICAL CENTER.

**SIXTY-SIXTH:**          At all times hereinafter mentioned, the Defendant, PERALTA, was acting within the scope of her employment as an employee of the Defendant, MEDICAL CENTER.

**SIXTY-SEVENTH:**          At all times hereinafter mentioned, the Defendant, KASHIF, was an employee of the Defendant, HEALTH SYSTEM.

**SIXTY-EIGHTH:**          At all times hereinafter mentioned, the Defendant, KASHIF, was acting within the scope of his employment as an employee of the Defendant, HEALTH SYSTEM.

**SIXTY-NINTH:**          At all times hereinafter mentioned, the Defendant, KASHIF, was an employee of the Defendant, MEDICAL CENTER.

**SEVENTIETH:**          At all times hereinafter mentioned, the Defendant, KASHIF, was acting within the scope of his employment as an employee of the Defendant, MEDICAL CENTER.

**SEVENTY-FIRST:**          At all times hereinafter mentioned, the Defendant, YAFFE, was an employee of the Defendant, HEALTH SYSTEM.

**SEVENTY-SECOND:**          At all times hereinafter mentioned, the Defendant, YAFFE, was acting within the scope of his employment as an employee of the Defendant, HEALTH SYSTEM.

**SEVENTY-THIRD:**          At all times hereinafter mentioned, the Defendant, YAFFE, was an employee of the Defendant, MEDICAL CENTER.

**SEVENTY-FOURTH:**          At all times hereinafter mentioned, the Defendant, YAFFE, was acting within the scope of her employment as an employee of the Defendant, MEDICAL CENTER.

**SEVENTY-FIFTH:**          At all times hereinafter mentioned, the Defendant, RIFKY, was an employee of the Defendant, HEALTH SYSTEM.

**SEVENTY-SIXTH:**  At all times hereinafter mentioned, the Defendant, RIFKY, was acting within the scope of his employment as an employee of the Defendant, HEALTH SYSTEM.

**SEVENTY-SEVENTH:**  At all times hereinafter mentioned, the Defendant, RIFKY, was an employee of the Defendant, MEDICAL CENTER.

**SEVENTY-EIGHTH:**  At all times hereinafter mentioned, the Defendant, RIFKY, was acting within the scope of his employment as an employee of the Defendant, MEDICAL CENTER.

**SEVENTY-NINTH:**  At all times hereinafter mentioned, the Defendant, ESCARFULLER, was an employee of the Defendant, HEALTH SYSTEM.

**EIGHTIETH:**  At all times hereinafter mentioned, the Defendant, ESCARFULLER, was acting within the scope of his employment as an employee of the Defendant, HEALTH SYSTEM.

**EIGHTY-FIRST:**  At all times hereinafter mentioned, the Defendant, ESCARFULLER, was an employee of the Defendant, MEDICAL CENTER.

**EIGHTY-SECOND:**  At all times hereinafter mentioned, the Defendant, ESCARFULLER, was acting within the scope of his employment as an employee of the Defendant, MEDICAL CENTER.

**EIGHTY-THIRD:**  At all times hereinafter mentioned, the Defendant, ARGIROFF, was an employee of the Defendant, HEALTH SYSTEM.

**EIGHTY-FOURTH:**  At all times hereinafter mentioned, the Defendant, ARGIROFF, was acting within the scope of her employment as an employee of the Defendant, HEALTH SYSTEM.

**EIGHTY-FIFTH:** At all times hereinafter mentioned, the Defendant, ARGIROFF, was an employee of the Defendant, MEDICAL CENTER.

**EIGHTY-SIXTH:** At all times hereinafter mentioned, the Defendant, ARGIROFF, was acting within the scope of her employment as an employee of the Defendant, MEDICAL CENTER.

**EIGHTY-SEVENTH:** At all times hereinafter mentioned, the Defendant, EISEN, was an employee of the Defendant, HEALTH SYSTEM.

**EIGHTY-EIGHTH:** At all times hereinafter mentioned, the Defendant, EISEN, was acting within the scope of his employment as an employee of the Defendant, HEALTH SYSTEM.

**EIGHTY-NINTH:** At all times hereinafter mentioned, the Defendant, EISEN, was an employee of the Defendant, MEDICAL CENTER.

**NINETIETH:** At all times hereinafter mentioned, the Defendant, EISEN, was acting within the scope of his employment as an employee of the Defendant, MEDICAL CENTER.

**NINETY-FIRST:** At all times hereinafter mentioned, the Defendant, JURELLER, was an employee of the Defendant, HEALTH SYSTEM.

**NINETY-SECOND:** At all times hereinafter mentioned, the Defendant, JURELLER, was acting within the scope of his employment as an employee of the Defendant, HEALTH SYSTEM.

**NINETY-THIRD:** At all times hereinafter mentioned, the Defendant, JURELLER, was an employee of the Defendant, MEDICAL CENTER.

Case 1:21-cv-06240-JMF   Document 1-1   Filed 07/22/21   Page 14 of 28

**NINETY-FOURTH:**            At all times hereinafter mentioned, the Defendant,

JURELLER, was acting within the scope of his employment as an employee of the

Defendant, MEDICAL CENTER.

**NINETY-FIFTH:**            At all times hereinafter mentioned, the Defendant,

CAMACHO, was an employee of the Defendant, HEALTH SYSTEM.

**NINETY-SIXTH:**            At all times hereinafter mentioned, the Defendant,

CAMACHO, was acting within the scope of his employment as an employee of the

Defendant, HEALTH SYSTEM.

**NINETY-SEVENTH:**            At all times hereinafter mentioned, the Defendant,

CAMACHO, was an employee of the Defendant, MEDICAL CENTER.

**NINETY-EIGHTH:**            At all times hereinafter mentioned, the Defendant,

CAMACHO, was acting within the scope of his employment as an employee of the

Defendant, MEDICAL CENTER.

**NINETY-NINTH:**            At all times hereinafter mentioned, the Defendant,

PASTORIZA, was an employee of the Defendant, HEALTH SYSTEM.

**ONE HUNDREDTH:**            At all times hereinafter mentioned, the Defendant,

PASTORIZA, was acting within the scope of her employment as an employee of the

Defendant, HEALTH SYSTEM.

**ONE HUNDRED FIRST:**            At all times hereinafter mentioned, the Defendant,

PASTORIZA, was an employee of the Defendant, MEDICAL CENTER.

**ONE HUNDRED SECOND:**            At all times hereinafter mentioned, the Defendant,

PASTORIZA, was acting within the scope of her employment as an employee of the

Defendant, MEDICAL CENTER.

**ONE HUNDRED THIRD:** At all times hereinafter mentioned, the Defendant, MELETIES, was an employee of the Defendant, HEALTH SYSTEM.

**ONE HUNDRED FOURTH:** At all times hereinafter mentioned, the Defendant, MELETIES, was acting within the scope of her employment as an employee of the Defendant, HEALTH SYSTEM.

**ONE HUNDRED FIFTH:** At all times hereinafter mentioned, the Defendant, MELETIES, was an employee of the Defendant, MEDICAL CENTER.

**ONE HUNDRED SIXTH:** At all times hereinafter mentioned, the Defendant, MELETIES, was acting within the scope of her employment as an employee of the Defendant, MEDICAL CENTER.

**ONE HUNDRED SEVENTH:** At all times hereinafter mentioned, the Defendant, REAL, was an employee of the Defendant, HEALTH SYSTEM.

**ONE HUNDRED EIGHTH:** At all times hereinafter mentioned, the Defendant, REAL, was acting within the scope of her employment as an employee of the Defendant, HEALTH SYSTEM.

**ONE HUNDRED NINTH:** At all times hereinafter mentioned, the Defendant, REAL, was an employee of the Defendant, MEDICAL CENTER.

**ONE HUNDRED TENTH:** At all times hereinafter mentioned, the Defendant, REAL, was acting within the scope of her employment as an employee of the Defendant, MEDICAL CENTER.

**ONE HUNDRED ELEVENTH:** At all times hereinafter mentioned, the Defendant, SCOTT, was an employee of the Defendant, HEALTH SYSTEM.

**ONE HUNDRED TWELFTH:**     At all times hereinafter mentioned, the Defendant, SCOTT, was acting within the scope of her employment as an employee of the Defendant, HEALTH SYSTEM.

**ONE HUNDRED THIRTEENTH:**     At all times hereinafter mentioned, the Defendant, SCOTT, was an employee of the Defendant, MEDICAL CENTER.

**ONE HUNDRED FOURTEENTH:**     At all times hereinafter mentioned, the Defendant, SCOTT, was acting within the scope of her employment as an employee of the Defendant, MEDICAL CENTER.

**ONE HUNDRED FIFTEENTH:**     At all times hereinafter mentioned, the Defendant, HAZELEY, was an employee of the Defendant, HEALTH SYSTEM.

**ONE HUNDRED SIXTEENTH:**     At all times hereinafter mentioned, the Defendant, HAZELEY, was acting within the scope of her employment as an employee of the Defendant, HEALTH SYSTEM.

**ONE HUNDRED SEVENTEENTH:**     At all times hereinafter mentioned, the Defendant, HAZELEY, was an employee of the Defendant, MEDICAL CENTER.

**ONE HUNDRED EIGHTEENTH:**     At all times hereinafter mentioned, the Defendant, HAZELEY, was acting within the scope of her employment as an employee of the Defendant, MEDICAL CENTER.

**ONE HUNDRED NINETEENTH:**     At all times hereinafter mentioned, the Defendant, BOSTICK, was an employee of the Defendant, HEALTH SYSTEM.

**ONE HUNDRED TWENTIETH:**     At all times hereinafter mentioned, the Defendant, BOSTICK, was acting within the scope of her employment as an employee of the Defendant, HEALTH SYSTEM.

**ONE HUNDRED TWENTY-FIRST:**     At all times hereinafter mentioned, the Defendant, BOSTICK, was an employee of the Defendant, MEDICAL CENTER.

**ONE HUNDRED TWENTY-SECOND:**     At all times hereinafter mentioned, the Defendant, BOSTICK, was acting within the scope of her employment as an employee of the Defendant, MEDICAL CENTER.

**ONE HUNDRED TWENTY-THIRD:**     During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, BUMOL.

**ONE HUNDRED TWENTY-FOURTH:**     During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, MELVIN.

**ONE HUNDRED TWENTY-FIFTH:**     During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, KAPADIA.

**ONE HUNDRED TWENTY-SIXTH:**     During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, CHEUNG.

**ONE HUNDRED TWENTY-SEVENTH:**     During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, ABRAMS.

**ONE HUNDRED TWENTY-EIGHTH:**     During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, JOHNSON.

**ONE HUNDRED TWENTY-NINTH:**          During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, FUTCHKO.

**ONE HUNDRED THIRTIETH:**          During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, PERALTA.

**ONE HUNDRED THIRTY-FIRST:**          During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, KASHIF.

**ONE HUNDRED THIRTY-SECOND:**          During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, YAFFE.

**ONE HUNDRED THIRTY-THIRD:**          During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, RIFKY.

**ONE HUNDRED THIRTY-FOURTH:**          During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, ESCARFULLER.

**ONE HUNDRED THIRTY-FIFTH:**          During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, ARGIROFF.

**ONE HUNDRED THIRTY-SIXTH:** During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, EISEN.

**ONE HUNDRED THIRTY-SEVENTH:** During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, JURELLER.

**ONE HUNDRED THIRTY-EIGHTH:** During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, CAMACHO.

**ONE HUNDRED THIRTY-NINTH:** During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, PASTORIZA.

**ONE HUNDRED FORTIETH:** During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, MELETIES.

**ONE HUNDRED FORTY-FIRST:** During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, REAL.

**ONE HUNDRED FORTY-SECOND:** During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, SCOTT.

**ONE HUNDRED FORTY-THIRD:** During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, HAZELEY.

**ONE HUNDRED FORTY-FOURTH:** During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, BOSTICK.

**ONE HUNDRED FORTY-FIFTH:** During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, HEALTH SYSTEM.

**ONE HUNDRED FORTY-SIXTH:** During the year 2017, and more specifically from August through November 2017, the Plaintiff, SANDRA ANYATA, was a patient of the Defendant, MEDICAL CENTER.

**ONE HUNDRED FORTY-SEVENTH:** During the year 2017, and more specifically from August through November 2017, the Defendant, BUMOL, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED FORTY-EIGHTH:** During the year 2017, and more specifically from August through November 2017, the Defendant, MELVIN, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED FORTY-NINTH:** During the year 2017, and more specifically from August through November 2017, the Defendant, KAPADIA, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED FIFTIETH:** During the year 2017, and more specifically from August through November 2017, the Defendant, CHEUNG, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED FIFTY-FIRST:** During the year 2017, and more specifically from August through November 2017, the Defendant, ABRAMS, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED FIFTY-SECOND:** During the year 2017, and more specifically from August through November 2017, the Defendant, JOHNSON, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED FIFTY-THIRD:** During the year 2017, and more specifically from August through November 2017, the Defendant, FUTCHKO, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED FIFTY-FOURTH:** During the year 2017, and more specifically from August through November 2017, the Defendant, PERALTA, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED FIFTY-FIFTH:** During the year 2017, and more specifically from August through November 2017, the Defendant, KASHIF, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED FIFTY-SIXTH:** During the year 2017, and more specifically from August through November 2017, the Defendant, YAFFE, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

FILED: BRONX COUNTY CLERK 07/27/2018 11:29 AM
Case 1:21-cv-06240-JMF   Document 1-1   Filed 07/22/21   Page 22 of 28

**ONE HUNDRED FIFTY-SEVENTH:** During the year 2017, and more specifically from August through November 2017, the Defendant, RIFKY, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED FIFTY-EIGHTH:** During the year 2017, and more specifically from August through November 2017, the Defendant, ESCARFULLER, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED FIFTY-NINTH:** During the year 2017, and more specifically from August through November 2017, the Defendant, ARGIROFF, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED SIXTIETH:** During the year 2017, and more specifically from August through November 2017, the Defendant, EISEN, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED SIXTY-FIRST:** During the year 2017, and more specifically from August through November 2017, the Defendant, JURELLER, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED SIXTY-SECOND:** During the year 2017, and more specifically from August through November 2017, the Defendant, CAMACHO, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED SIXTY-THIRD:** During the year 2017, and more specifically from August through November 2017, the Defendant, PASTORIZA, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED SIXTY-FOURTH:**       During the year 2017, and more specifically from August through November 2017, the Defendant, MELETIES, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED SIXTY-FIFTH:**       During the year 2017, and more specifically from August through November 2017, the Defendant, REAL, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED SIXTY-SIXTH:**       During the year 2017, and more specifically from August through November 2017, the Defendant, SCOTT, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED SIXTY-SEVENTH:**       During the year 2017, and more specifically from August through November 2017, the Defendant, HAZELEY, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED SIXTY-EIGHTH:**       During the year 2017, and more specifically from August through November 2017, the Defendant, BOSTICK, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED SIXTY-NINTH:**       During the year 2017, and more specifically from August through November 2017, the Defendant, HEALTH SYSTEM, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED SEVENTIETH:**       During the year 2017, and more specifically from August through November 2017, the Defendant, MEDICAL CENTER, provided medical care and treatment to the Plaintiff, SANDRA ANYATA.

**ONE HUNDRED SEVENTY-FIRST:**       As a result of the medical care, treatment or lack thereof rendered to the Plaintiff, SANDRA ANYATA, by the Defendants herein,

one, some, or all of them, their agents, servants, and/or employees, their departures from accepted standards of medical, cardiological, pulmonological, hematological, hospital, nursing and other good practices, the Plaintiff, SANDRA ANYATA, sustained severe, serious, and permanent personal injuries.

**ONE HUNDRED SEVENTY-SECOND:**      Plaintiff's injuries were caused due to the carelessness, negligence, including negligent hiring, retaining, supervising, and credentialing, and departures from accepted and proper medical, cardiological, pulmonological, hematological, hospital, nursing and other good practices on the part of the Defendants herein, one, some, or all of them, their agents, servants, and/or employees in the care and the treatment or lack thereof that was rendered and tendered to the Plaintiff herein, for the period of time she was under the care of the Defendants herein, whereby she incurred pain and suffering and other financial losses without any fault contributing thereto by her.

**ONE HUNDRED SEVENTY-THIRD:**      This action falls within one or more exceptions set forth in the Civil Practice Laws and Rules Section 1602.

**ONE HUNDRED SEVENTY-FOURTH:**      As a result of such injuries, pain and suffering, and other financial losses, the Plaintiff, SANDRA ANYATA, was caused to suffer damages in an amount of money that exceeds the monetary jurisdiction of all other courts.

## AS AND FOR A SECOND CAUSE OF ACTION

**ONE HUNDRED SEVENTY-FIFTH:**      Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in the FIRST CAUSE OF ACTION inclusive with the same force and effect as if more fully set forth herein.

**ONE HUNDRED SEVENTY-SIXTH:**    The Defendants herein, one, some, or all of them, their agents, servants, and/or employees, failed to disclose all of the facts that a reasonable doctor or health care personnel under such circumstances would explain to a patient, including a failure to disclose the risks and benefits of various courses of treatment, the alternatives thereto and the risks and benefits relating to the alternatives and otherwise failed to properly, adequately and fully inform the patient.

**ONE HUNDRED SEVENTY-SEVENTH:**    That a reasonable and prudent person in the Plaintiff's position would not have undergone the course of treatment prescribed if she had been fully informed, and that the lack of informed consent is a proximate cause of pain and suffering and other financial losses for which recovery is sought.

**ONE HUNDRED SEVENTY-EIGHTH:**    As a result of the foregoing lack of informed consent, the Plaintiff herein suffered damages in an amount of money that exceeds the monetary jurisdictional limits of all other Courts.

**WHEREFORE**, Plaintiff, SANDRA ANYATA, demands judgment against the Defendants, one, some, or all of them, their agents, servants and/or employees, in the FIRST and SECOND CAUSES OF ACTION, in sums of money exceeding the jurisdictional limits of all other Courts, together with interest, costs, and attorney's fees.

Dated: White Plains, New York
   July 27, 2018

         Yours etc.,

         **MEAGHER & MEAGHER, P.C.**
         *Attorneys for Plaintiff*
         111 Church Street
         White Plains, New York 10601
         (914) 328-8844

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------X

SANDRA ANYATA,

Index No.:

                              Plaintiff,

                     **CERTIFICATE OF MERIT**

    –against–

JOEL BUMOL, SCOTT MELVIN, RAVI KAPADIA,
CLARA CHEUNG, STEVEN ABRAMS,
SADIE JOHNSON, JOHN FUTCHKO,
RAQUEL PERALTA, MUHAMMAD KASHIF,
HILLARY YAFFE, OKTAY RIFKY,
JUAN ESCARFULLER, ALEXANDRA ARGIROFF,
LEWIS EISEN, MICHAEL JURELLER,
DIEGO CAMACHO, JESSICA PASTORIZA,
ANASTASIA MELETIES, LINDA REAL, PARDELLA
SCOTT, NANETTE HAZELEY, CAROLYN BOSTICK,
MONTEFIORE HEALTH SYSTEM, INC.,
and MONTEFIORE MEDICAL CENTER,

                              Defendants.

-------------------------------------------------------------------X

       RACHEL GRUENBERG, ESQ., an attorney duly admitted to practice in the Courts of

the State of New York, hereby affirms, pursuant to Section 2106 CPLR:

       I have reviewed the facts of this case and have consulted with at least one physician who

is licensed to practice in this state, or any other state, and I reasonably believe that said physician

is knowledgeable as to the relevant issues involved in this particular action and I have concluded

on the basis of such review and consultation that there is a reasonable basis for the

commencement of this action.

Dated: White Plains, New York
       July 27, 2018

                                  RACHEL GRUENBERG, ESQ.

# VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

RACHEL GRUENBERG, ESQ., being duly sworn, deposes and says:

That she is an associate with the firm of MEAGHER & MEAGHER, P.C., attorneys for

the Plaintiff in the within action:

That she has read the within **SUMMONS AND COMPLAINT** and knows the contents

thereof, and that the same is true to her own knowledge, except as to the matters therein stated to

be alleged upon information and belief, and that as to those matters, he believes it to be true.

That the sources of his information and knowledge are investigations and records on file.

That the reason this Verification is made by deponent, and not by the plaintiff(s), is that

the plaintiff(s) is/are not within the County where the attorney has her office.

RACHEL GRUENBERG, ESQ.

Sworn to before me on this 27ᵗʰ
day of July 2018.

NOTARY PUBLIC

CHRISTINA M. KILLERLANE
Notary Public, State of New York
No. 02KI6060976
Qualified in Rockland County
Commission Expires July 9, 2019

INDEX No.: _____   Year: 2018 _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

===============================================================

SANDRA ANYATA,

Plaintiff,

–against–

JOEL BUMOL, SCOTT MELVIN, RAVI KAPADIA,
CLARA CHEUNG, STEVEN ABRAMS,
SADIE JOHNSON, JOHN FUTCHKO,
RAQUEL PERALTA, MUHAMMAD KASHIF,
HILLARY YAFFE, OKTAY RIFKY,
JUAN ESCARFULLER, ALEXANDRA ARGIROFF,
LEWIS EISEN, MICHAEL JURELLER,
DIEGO CAMACHO, JESSICA PASTORIZA,
ANASTASIA MELETIES, LINDA REAL, PARDELLA
SCOTT, NANETTE HAZELEY, CAROLYN BOSTICK,
MONTEFIORE HEALTH SYSTEM, INC.,
and MONTEFIORE MEDICAL CENTER,

Defendants.

---

**SUMMONS AND VERIFIED COMPLAINT**

---

**MEAGHER & MEAGHER, P.C.**
*Attorney for Plaintiff*
111 Church Street
White Plains, New York 10601
(914) 328-8844

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: July 27, 2018            Signature: _____

Print Signature's Name: __RACHEL GRUENBERG, ESQ.__

---

Service of a copy of the within                              is hereby admitted.
Dated: _____

_____
Attorney(s) for

---